DIXIE M. MINIUM, Appellant, v. J. C. SLAVIN, PHOEBE SLAVIN and GROVER SCHUPBACH.—93 S. W. (2d) 869.

Division One, April 23, 1936.

*John Campbell* and *E. M. Jayne* for appellant.

*E. E. Fogle* and *Smoot & Smoot* for respondents.

GANTT, P. J.—Action to cancel a deed of trust and determine title to certain land. Judgment for defendants and plaintiff appealed.

The petition alleged that the deed was without consideration and for the purpose of defrauding the creditors of the grantors. The answer denied that the deed was voluntary and for said purpose and alleged that it was a valid lien on the land.

The deed of trust was executed February 12, 1932, by T. S. Slavin and wife. It conveyed the land to a trustee to secure the payment of a note of even date for $7800 executed by them, and payable to J. C. Slavin and Phoebe Slavin, his wife. T. S. Slavin and J. C.

Slavin are brothers. At the time of the execution of said deed of trust T. S. Slavin was indebted to plaintiff on a note secured by a deed of trust on other land. On November 28, 1932, the last-named note was reduced to judgment. The land in question then was sold by the sheriff under an execution issued on said judgment. Plaintiff purchased the land and the sheriff executed a deed conveying the same to her. Thereupon she instituted this suit to cancel the deed of trust.

There was no evidence tending to show that T. S. Slavin was insolvent at the time the deed of trust was executed. Of course, if the deed of trust was voluntary the burden was on defendants to show that T. S. Slavin was not insolvent and that the conveyance was not fraudulent. However, the burden was on plaintiff to first show that the conveyance was voluntary. To sustain this burden there was evidence for plaintiff tending to show that before, at the time, and after the execution of the deed of trust defendant J. C. Slavin was indebted upon promissory notes to a bank in the town in which he conducted business. The records of the bank showed that for more than three years prior to and one year after the execution of said deed of trust J. C. Slavin never had on deposit in the bank more than a small per cent of the amount of the note secured by the deed of trust. Furthermore, the business company with which he was connected also was a borrower from the bank and only kept a small balance therein on deposit.

The tax assessment lists of defendant J. C. Slavin for two years immediately prior to the execution of the deed of trust also were in evidence. They tended to show that he was without money or property other than household and kitchen furniture and a motor vehicle.

Defendants offered no evidence. In this situation we will assume but not rule that the bank records and tax assessment lists tended to show that defendant J. C. Slavin was without money and could not have made the loan in question. Even so, there is no evidence tending to show that the defendant Phoebe Slavin did not have the money to make said loan. She may have furnished the money and directed that the note be made payable to her and to her husband.

It follows that there was not sufficient evidence tending to show that the deed of trust was a voluntary conveyance. The judgment should be affirmed. It is so ordered. All concur.